UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES-GENERAL</u>

Case No.: **CV 21-9834-VBF (PLA)**                                                              Date: **January 10, 2022**

Title:   Melike Dewey v. Superior Court of California, County of Ventura, *et al.*

---

PRESENT:  THE HONORABLE     PAUL L. ABRAMS
                            UNITED STATES MAGISTRATE JUDGE

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
               NONE                                                               NONE

**PROCEEDINGS:**        **(IN CHAMBERS)**

On December 21, 2021, plaintiff, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1).  Plaintiff listed the legal grounds for her claims raised herein on the Civil Cover Sheet as "constitutional violations, tort, abuse of process, malicious prosecution."  (ECF No. 1-1).  Plaintiff names as defendants the Department of Justice of the United States ("DOJ"); the Superior Court of California, County of Ventura ("Superior Court"); District Attorney Erik Nasarenko; Deputy District Attorney Alexa Leibl; and "Does 1-10" who are identified as "private parties" and unspecified employees of Ventura County, the DOJ, and the Superior Court.  (ECF No. 1 at 1, 3-4).  Plaintiff lists four general categories of violations at the beginning of her pleading including: "undue process of law protected under the Fifth and the Fourteenth Amendment"; an "illegal search by DOJ on 12/27/2020 . . . , violating plaintiff's First and Fourth Amendment rights for privacy"; "misuse of legal procedure - abuse of process and malicious prosecution by the DA"; and defamation.  (*Id.* at 2 (capitalization altered from original)).

Plaintiff's pleading is 18 pages long with more than 130 pages of attached exhibits.  In her many pages, plaintiff does not clearly purport to raise any specific claim against any particular defendant.  Several pages of the pleading are devoted to discussing the elements of an "abuse of process" claim apparently arising from a "wrongfully filed" Superior Court action against plaintiff.  Plaintiff extensively cites California case law and references "secondary sources" that appear to pertain to California tort law, a Summary of California Law, and California Forms of Pleading and Practice.  (ECF No. 1 at 7-14). Accordingly, it appears to the Court that plaintiff is raising one or more claims under California law.  To the extent that plaintiff is alleging that any defendant violated a provision of state law, an alleged violation of state law cannot give rise to a federal civil rights claim.  <u>See</u>, <u>e.g.</u>, <u>Galen v. Cnty. of L.A.</u>, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [a plaintiff] to demonstrate a violation of federal law, not state law."); <u>Ove v. Gwinn</u>, 264 F3d 817, 823 (9th Cir. 2001) (an alleged violation of California law fails to state a claim under § 1983).  Plaintiff does generally cite the United States Constitution, reciting provisions of the Fourth, Fifth, and Fourteenth Amendments, but she does not clearly purport to raise any specific claim alleging a constitutional deprivation against any named defendant.  (*Id.* at 14-16).

A federal court has an obligation to assure itself of jurisdiction before proceeding to the merits of any case.  <u>See</u>, <u>e.g.</u>, <u>Lance v. Coffman</u>, 549 U.S. 437, 439, 127 S. Ct. 1194, 167 L. Ed. 2d 29 (2007).  "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  <u>Gunn v. Minton</u>, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (quoting <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  <u>Stevedoring Servs. of Am. v. Eggert</u>, 953 F.2d 552, 554 (9th Cir. 1992); <u>see also</u> <u>Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.</u>, 336 F.3d 982, 985 (9th Cir. 2003) (a court may dismiss *sua sponte* for

lack of subject matter jurisdiction without violating due process).  A plaintiff must present a federal question on the face of a complaint.  See Rivet v. Regions Bank, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009) (in order for a federal court to exercise federal question jurisdiction under § 1331, "the federal question must be disclosed upon the face of the complaint" (internal quotation marks omitted)).  A "plaintiff bears the burden of proving" the existence of subject matter jurisdiction and "must allege facts, not mere legal conclusions," to invoke the court's jurisdiction.  Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).  "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial," or "obviously frivolous," are insufficient to "raise a substantial federal question for jurisdictional purposes."  Shapiro v. McManus, 577 U.S. 39, 45-46, 136 S. Ct. 450, 193 L. Ed. 2d 279 (2015).

Here, plaintiff's Complaint fails to present a substantial federal question on its face.  First, plaintiff names the Superior Court as a defendant.  Plaintiff is incorrect that individuals who work for the Superior Court within the County of Ventura are employees of the County of Ventura.  (See ECF No. 1 at 4-6).  Plaintiff alleges that an unidentified "clerk of the Superior Court" "failed to notify plaintiff" of a hearing and an "arrest warrant," and she appears to be attempting to raise a claim against the County of Ventura for an alleged "policy or custom" of not notifying defendants of hearings.  (Id. at 3-6).  However, in California, a Superior Court is a state agency and its employees and officials are state agents for purposes of civil rights claims.  See, e.g., Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (state courts are "arms of the state" and are entitled to Eleventh Amendment immunity); Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) (finding that a civil rights action against a California Superior Court is a suit against the State and thus barred by the Eleventh Amendment).  Accordingly, any alleged actions by a clerk of the Superior Court cannot form the basis of a claim against the County of Ventura.  Further, the Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it.  Pennhurst St. School & Hosp. v. Halderman, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).  While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court.  See BV Eng'g v. Univ. of Cal., 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity) (*superseded on other grounds as stated in* 518 U.S. 187, 197-200 (1996)).  Finally, Congress has not repealed State sovereign immunity against suits under 42 U.S.C. § 1983.  Accordingly, plaintiff may not name the Superior Court as a defendant in this civil rights action because any such claims are barred by the Eleventh Amendment.

Similarly, in California, a district attorney is a state official when acting within his or her prosecutorial capacity, and the Ventura County District Attorney's Office acts as a state office with respect to actions taken in connection with a criminal prosecution.  See Jackson v. Barnes, 749 F.3d 755, 767 (9th Cir. 2014) (a district attorney's office "acts as a state office with regard to actions taken in its prosecutorial capacity, and [it] is not subject to suit under § 1983"); Del Campo v. Kennedy, 517 F.3d 1070, 1073 (9th Cir. 2008).  Accordingly, any federal claims that plaintiff is purporting to raise against the Ventura County District Attorney's Office arising from a criminal case against plaintiff are also barred by the Eleventh Amendment.  In addition, the Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages."  Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988).  Therefore, any claims for monetary damages that plaintiff may be raising against any employee of the Superior Court, the two District Attorneys, or other employees of the District Attorney's Office in his or her *official capacity* arising from actions taken in connection with a criminal prosecution also are barred by the Eleventh Amendment.

Second, plaintiff names the DOJ as a defendant, but the DOJ is a federal agency.  The doctrine of sovereign immunity bars suits against the United States and its agencies, absent a waiver.  See FDIC v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); Gilbert v. DaGrossa, 756 F.2d 1455, 1458-59 (9th Cir. 1985) (suits against officers and employees of the United States in their official capacities are barred by sovereign immunity absent an explicit waiver).  A "waiver of sovereign immunity must be 'unequivocally expressed' in statutory text," and the waiver must be "clearly evident from the language of the statute."  FAA v. Cooper, 566 U.S. 284, 290, 132 S. Ct. 1441, 182 L. Ed. 2d 497 (2012) (quoting Lane v. Pena, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996)).  Absent an express waiver of sovereign immunity, federal courts lack subject matter jurisdiction over cases against the United States.  Meyer, 510 U.S. at 475.  The United States has not waived its sovereign immunity for constitutional tort claims or actions.  See, e.g., *id.*

at 476-78, 486. Accordingly, this Court lacks jurisdiction over any federal claims against the DOJ.

Third, plaintiff names two individual defendants who are identified as a District Attorney and Deputy District Attorney. (ECF No. 1 at 1). Plaintiff, however, does not set forth any facts showing that either defendant took any action, participated in another's action, or failed to perform an action that he or she was legally required to do that *caused* plaintiff to suffer a constitutional deprivation. In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived her of a right guaranteed under the Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis omitted, alteration in original)). Here, plaintiff's Complaint does not set forth any facts against either the District Attorney or the Deputy District Attorney sufficient to raise a right to relief above the speculative level. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (The Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." (internal citations omitted, alteration in original)). The Court therefore finds that plaintiff has failed to meet her burden of alleging facts, not mere legal conclusions, to support subject matter jurisdiction.

Fourth, although plaintiff appears to be alleging that false statements were used in a state court prosecution against her, she clearly alleges that the "defamatory allegations" and "fabricated statements" were made by a private individual, Umberto, and that the District Attorneys merely used such statements. (*Id.* at 3, 7, 9-10). Accordingly, the Complaint fails to allege what actions either District Attorney defendant took that plaintiff contends caused a constitutional deprivation. Moreover, prosecutors are entitled to absolute immunity from damages liability when they engage in activities "intimately associated with the judicial phase of the criminal process," such as the prosecution and presentation of the state's case. See Imbler v. Pachtman, 424 U.S. 409, 427, 430-31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). It is the nature of the function performed, not the role or title of the actor, that determines the scope of absolute immunity. See, e.g., Engebretson v. Mahoney, 724 F.3d 1034, 1039 (9th Cir. 2013) ("the Supreme Court has emphasized this functional approach for determining when public officials may claim absolute immunity under § 1983"). Here, to the extent the Court can discern what federal claims plaintiff may be purporting to raise against either District Attorney, any claim would appear to arise from acts undertaken in initiating, preparing for, or presenting a criminal prosecution against plaintiff. Prosecutorial immunity extends to all acts undertaken by a prosecutor in initiating a judicial proceeding and in presenting the State's case. See Buckley v. Fitzsimmons, 509 U.S. 259, 269, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993); Stapley v. Pestalozzi, 733 F.3d 804, 809 (9th Cir. 2013) ("prosecutors have absolute immunity under § 1983 for a decision to initiate a criminal prosecution"). Further, although plaintiff does not allege that either District Attorney intentionally used fabricated statements against plaintiff, even if plaintiff had alleged that a prosecutor knowingly used false testimony, such action does not defeat a prosecutor's absolute immunity from civil liability. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1029-30 (9th Cir. 2003) ("A prosecutor is absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges. . . . A prosecutor is also absolutely immune from liability for the knowing use of false testimony at trial." (internal citations omitted)). Therefore, the Deputy District Attorney and District Attorney defendants appear to be entitled to absolute immunity from liability for any federal claims that plaintiff may be raising against them in this action. If plaintiff wishes to pursue any federal civil rights claims against the District Attorney or the Deputy District Attorney, then she must set forth factual allegations showing how the alleged wrongful actions of each defendant were not "intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430.

Fifth, plaintiff appears to indicate that two of the "Doe" defendants, Umberto and Schirmer (ECF No. 1 at 3-4), are private individuals who are not alleged to be acting under state law. "Section 1983 liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States." Brunette v. Humane Soc'y of Ventura Cnty., 294 F.3d 1205, 1209 (9th Cir. 2002). In her Complaint, plaintiff does not allege any facts to raise a plausible inference that Umberto or Schirmer conspired with any state official to cause plaintiff to suffer a constitutional deprivation. See, e.g., Bell Atl. Corp., 550 U.S. at 556 ("an allegation of parallel conduct and a bare assertion of conspiracy will not suffice"); DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000) (a "bare allegation" that a private person acted

jointly with state officials is insufficient to show that a defendant acted under color of state law or to state a claim under § 1983). Accordingly, plaintiff may not raise a federal civil rights claim against either of these defendants.

Because plaintiff is proceeding *pro se* in this action, the Court has an obligation to construe the allegations of her pleading liberally and afford plaintiff the benefit of any doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); see also Pouncil v. Tilton, 704 F.3d 568, 574-75 (9th Cir. 2012) (the rule of liberal construction "protects the rights of *pro se* litigants to self-representation and meaningful access to the courts"). That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004); see also Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for pro se litigants"). Further, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); see also Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible"). Here, plaintiff fails to set forth any factual allegations supporting any plausible federal civil rights claim against any named defendant.

Accordingly, it appears to the Court that it lacks subject matter jurisdiction over this action.

### ORDER TO SHOW CAUSE

**Plaintiff is hereby ordered to show cause, no later than January 24, 2022, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction**. Plaintiff's timely filing of one of the following will constitute a satisfactory response to this Order to Show Cause: (1) A First Amended Complaint *that remedies the pleading deficiencies discussed in this Order*; **or** (2) a signed Notice of Dismissal requesting a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). **This Order places plaintiff on notice that the assigned District Judge will dismiss this action without prejudice for lack of subject matter jurisdiction if plaintiff fails to comply with this Order, or fails to file an appropriate response**.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize if she chooses to file a First Amended Complaint. Plaintiff is admonished that she must sign and date the civil rights complaint form, and she must use the space provided in the form to set forth all the claims that she wishes to assert in a First Amended Complaint. The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**


cc:     Melike Dewey, *pro se*








Initials of Deputy Clerk _____ch_____