# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES-GENERAL

**Case No.: CV 21-9834-VBF (PLA)**         Date: **February 23, 2022**

**Title:**   **Melike Dewey v. Superior Court of California, County of Ventura, _et al._**

---

**PRESENT: THE HONORABLE**     **PAUL L. ABRAMS**
**UNITED STATES MAGISTRATE JUDGE**

| **Christianna Howard** | **N/A** | **N/A** |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**               **ATTORNEYS PRESENT FOR DEFENDANTS:**
          NONE                                              NONE

**PROCEEDINGS:**       **(IN CHAMBERS)**

On December 21, 2021, plaintiff, proceeding _pro se_, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff listed the legal grounds for her claims raised herein on the Civil Cover Sheet as "constitutional violations, tort, abuse of process, malicious prosecution," and she indicated the "nature of suit" to be "440 Other Civil Rights." (ECF No. 1-1). Plaintiff named as defendants the Department of Justice of the United States ("DOJ"); the Superior Court of California, County of Ventura ("Superior Court"); District Attorney Nasarenko; Deputy District Attorney Leibl; and "Does 1-10" who were identified as "private parties" and unspecified employees of Ventura County, the DOJ, and the Superior Court. (ECF No. 1 at 1, 3-4). In the Complaint, plaintiff listed four general categories of violations including: "undue process of law protected under the Fifth and the Fourteenth Amendment"; an "illegal search by DOJ on 12/27/2020 . . ., violating plaintiff's First and Fourth Amendment rights for privacy"; "misuse of legal procedure -- abuse of process and malicious prosecution by the DA"; and defamation. (_Id._ at 2 (capitalization altered from original)). The Complaint, which is 18 pages long with more than 130 pages of attached exhibits, did not clearly purport to raise any specific claim against any particular defendant. Rather, portions of the pleading were devoted to a discussion of the elements for a general "abuse of process" claim, including extensive citations to California case law and "secondary sources" that appear to pertain to California tort law. (ECF No. 1 at 7-14). Plaintiff sought damages for the "intentional infliction of emotional distress." (_Id._ at 27-28 (capitalization altered from original)). Accordingly, it appeared to the Court that plaintiff was purporting to raise claims under California law, and that the Complaint failed to set forth factual allegations supporting a plausible federal civil rights claim against any named defendant.

A federal court has an obligation to assure itself of jurisdiction before proceeding to the merits of any case. See, e.g., Lance v. Coffman, 549 U.S. 437, 439, 127 S. Ct. 1194, 167 L. Ed. 2d 29 (2007). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stevedoring Servs. of Am. v. Eggert, 953 F.2d 552, 554 (9th Cir. 1992); see also Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003) (a court may dismiss _sua sponte_ for lack of subject matter jurisdiction without violating due process). A plaintiff must present a federal question on the face of a complaint. See Rivet v. Regions Bank, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009) (in order for a federal court to exercise federal question jurisdiction under § 1331, "the federal question must be disclosed upon the face of the complaint" (internal quotation marks omitted)). A "plaintiff bears the burden of proving" the existence of subject matter jurisdiction and "must allege facts, not mere legal conclusions," to invoke the court's jurisdiction. Leite v. Crane Co., 749 F.3d 1117, 1121 (9th

---

Cir. 2014). "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes." Shapiro v. McManus, 577 U.S. 39, 45-46, 136 S. Ct. 450, 193 L. Ed. 2d 279 (2015).

Because it appeared to the Court that plaintiff's Complaint failed to present a substantial federal question on its face, the Court issued an Order to Show Cause on January 10, 2022. (ECF No. 6; "January OSC"). Plaintiff was ordered to show cause, no later than January 24, 2022, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff was admonished that her timely filing of one of the following would constitute a satisfactory response to the January OSC: (1) A First Amended Complaint that remedied the pleading deficiencies discussed in the January OSC; **or** (2) a signed Notice of Dismissal requesting a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). Further, the January OSC placed plaintiff on notice that the assigned District Judge would dismiss this action without prejudice for lack of subject matter jurisdiction if plaintiff failed to comply with the January OSC, or failed to file an appropriate response. (ECF No. 6 at 4).

On January 24, 2022, plaintiff filed a First Amended Complaint. (ECF No. 7; "FAC"). On January 25, 2022, the Court discharged the January OSC in light of the filing of the FAC. (ECF No. 8). In order to determine if plaintiff's FAC remedied the pleading deficiencies discussed in the January OSC, the Court has now screened the FAC. The FAC is thirty pages long with no exhibits. Plaintiff, however, states in the caption of the pleading that it is "Supported by Exhibits Set One (1) submitted to the Complaint [sic] filed 12/21/2021." (ECF No. 7 at 1). Plaintiff then references something she calls "paper redaction [sic] rules of this court" to support her decision to "point to Exhibits Set One" previously filed with the now-dismissed Complaint. (*Id.* at 2). No such Local Rule exists. Although plaintiff is proceeding *pro se* in this action, she must comply with the Federal Rules of Civil Procedure and the Local Rules of the District Court for the Central District of California ("L.R."). See, e.g., Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 83-2.2.3 ("Any person appearing *pro se* is required to comply with these Local Rules and with" the Federal Rules.). Pursuant to L.R. 15-2, "[e]very amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading." See also Ramirez v. Cnty. of San Bernardino, 806 F.2d 1002, 1008 (9th Cir. 2015) (the filing of an amended complaint supersedes the original complaint, which is "treated thereafter as nonexistent") (internal quotation and citation omitted); Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (while determining whether a claim is plausible, the Court may "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice"); Aguilar v. Cnty. of Riverside, 2014 WL 1795204, at *7, n.2 (C.D. Cal. April 25, 2014) (noting that, once an amended complaint has been filed, "the Court will not consider any material that was in the original complaint but [was not] included in the amended complaint"). Accordingly, in screening the pleading, the Court has not considered any document that is not attached to the operative pleading herein, the FAC.

Plaintiff has not remedied the pleading deficiencies in her Complaint as discussed in the January OSC. Initially, it is not clear to the Court what defendants plaintiff is purporting to name in the FAC. The caption of the pleading lists the State of California, California Governor Newsom, California Attorney General Bonta, the Superior Court, District Attorney Nasarenko, Deputy District Attorney Leibl, and the DOJ. (ECF No. 7 at 1-2). In the body of the pleading, however, plaintiff does not purport to name these individuals and entities as defendants. Instead, in a section of the FAC entitled "Parties," plaintiff lists ten "Doe" defendants, some of whom she then identifies by name. These defendants include: "Umberto" (apparently a private individual); Meredith Schirmer (apparently a private individual); several unknown persons at the DOJ; a police officer; a clerk at the Superior Court; and an employee at the Superior Court. (*Id.* at 13-15). Plaintiff's failure to include the defendants listed in the body of the pleading in the caption of the FAC, as well as her failure to list those individuals and entities mentioned in the caption as defendants, violates Fed. R. Civ. P. 10(a) and L.R. 11-3.8(d). However, because plaintiff is proceeding *pro se* in this civil rights action, the Court has liberally construed the FAC to name as defendants both those listed in the caption and those listed within the body of the pleading in the section entitled "Parties." See, e.g., Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (the Court must construe the allegations of a pleading filed by a *pro se* litigant liberally and must afford plaintiff the benefit of any doubt).

Second, plaintiff's amended pleading once again fails to present a substantial federal question on its face. In the FAC, plaintiff continues to name entities as defendants that are entitled to Eleventh Amendment or Sovereign Immunity. As the Court previously admonished plaintiff, the Superior Court is a state entity and individuals who work for the Superior Court

within the County of Ventura are not employees of the County of Ventura.  In the FAC, plaintiff alleges that an unidentified "clerk of the Superior Court" and an "employee of the Superior Court" both "failed to notify plaintiff" of a hearing or an "arrest warrant."  (ECF No. 7 at 14).  Plaintiff once again alleges that it is a "policy of the Ventura County Superior Court not to notify defendants of their hearing dates" and she appears to be attempting to raise a claim against the County of Ventura arising from such alleged "policy or custom."  (Id. at 17).  However, as the Court already has apprised plaintiff, in California, a Superior Court is a state agency and its employees and officials are state agents for purposes of civil rights claims.  See, e.g., Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (state courts are "arms of the state" and are entitled to Eleventh Amendment immunity); Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) (finding that a civil rights action against a California Superior Court is a suit against the State and thus barred by the Eleventh Amendment).  Accordingly, any alleged actions by an employee of the Superior Court cannot form the basis of a claim against the County of Ventura.  Further, the Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it.  Pennhurst St. School & Hosp. v. Halderman, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).  While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court.  See BV Eng'g v. Univ. of Cal., 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity), superseded on other grounds as stated in 518 U.S. 187, 197-200 (1996).  Finally, Congress has not repealed State sovereign immunity against suits under 42 U.S.C. § 1983.  Accordingly, plaintiff may not name the State of California, the California Attorney General's Office, or the Superior Court as defendants in this civil rights action because any such claims are barred by the Eleventh Amendment.

Additionally, plaintiff once again names the DOJ as a defendant, but the DOJ is a federal agency.  The doctrine of sovereign immunity bars suits against the United States and its agencies, absent a waiver.  See FDIC v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); Gilbert v. DaGrossa, 756 F.2d 1455, 1458-59 (9th Cir. 1985) (suits against officers and employees of the United States in their official capacities are barred by sovereign immunity absent an explicit waiver).  A "waiver of sovereign immunity must be 'unequivocally expressed' in statutory text," and the waiver must be "clearly evident from the language of the statute."  FAA v. Cooper, 566 U.S. 284, 290, 132 S. Ct. 1441, 182 L. Ed. 2d 497 (2012) (quoting Lane v. Pena, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996)).  Absent an express waiver of sovereign immunity, federal courts lack subject matter jurisdiction over cases against the United States.  Meyer, 510 U.S. at 475.  The United States has not waived its sovereign immunity for constitutional tort claims or actions.  See, e.g., id. at 476-78, 486.  Accordingly, this Court lacks jurisdiction over any federal civil rights claims against the DOJ.

Similarly, in California, a district attorney is a state official when acting within his or her prosecutorial capacity, and the Ventura County District Attorney's Office (see ECF No. 7 at 4, 10, 16) acts as a state office with respect to actions taken in connection with a criminal prosecution.  See Jackson v. Barnes, 749 F.3d 755, 767 (9th Cir. 2014) (a district attorney's office "acts as a state office with regard to actions taken in its prosecutorial capacity, and [it] is not subject to suit under § 1983"); Del Campo v. Kennedy, 517 F.3d 1070, 1073 (9th Cir. 2008).  Accordingly, any federal claims that plaintiff is purporting to raise against the Ventura County District Attorney's Office arising from a criminal case against plaintiff are also barred by the Eleventh Amendment.  In addition, the Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages."  Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988).  Therefore, any claims for monetary damages that plaintiff may be raising against any employee of the Superior Court, the two District Attorneys, or any other employee of the District Attorney's Office in his or her official capacity arising from actions taken in connection with a criminal prosecution also are barred by the Eleventh Amendment.

Third, plaintiff names as defendants two individual defendants who are identified as a District Attorney and a Deputy District Attorney, as well as Governor Newsom and the Attorney General of California.  (ECF No. 7 at 1-2, 11).  Plaintiff, however, fails to allege any specific facts showing that any of these defendants took an action, participated in another's action, or failed to perform an action that he or she was legally required to do that caused plaintiff to suffer a constitutional deprivation.  In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived her of a right guaranteed under the Constitution or a federal statute.  See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative

acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis omitted, alteration in original)).  Here, plaintiff's Complaint does not set forth any facts against the District Attorney, the Deputy District Attorney, Governor Newsom, or Attorney General Bonta sufficient to raise a right to relief above the speculative level.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (The Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." (internal citations omitted, alteration in original)).  The Court therefore finds that plaintiff once again has failed to meet her burden of alleging facts, not mere legal conclusions, to support subject matter jurisdiction over any federal civil rights claim against these defendants.

Fourth, although plaintiff appears to be alleging that false statements were used in a state court prosecution against her, she clearly alleges that the "defamatory allegations," "defamatory statements," and "fabricated" statements were made by private individuals, Umberto and Schirmer, and that the District Attorneys merely used such statements.  (ECF No. 7 at 4-5, 9-10, 14-15, 19-21).  Accordingly, the FAC fails to allege that either District Attorney defendant took any action that plaintiff contends caused a constitutional deprivation.  Because prosecutors are entitled to absolute immunity from damages liability when they engage in activities "intimately associated with the judicial phase of the criminal process," such as the prosecution and presentation of the state's case, it appears from the minimal facts alleged in the FAC that these defendants are entitled to absolute immunity.  See Imbler v. Pachtman, 424 U.S. 409, 427, 430-31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976).  It is the nature of the function performed, not the role or title of the actor, that determines the scope of absolute immunity.  See, e.g., Engebretson v. Mahoney, 724 F.3d 1034, 1039 (9th Cir. 2013) ("the Supreme Court has emphasized this functional approach for determining when public officials may claim absolute immunity under § 1983"); Buckley v. Fitzsimmons, 509 U.S. 259, 269, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993); Stapley v. Pestalozzi, 733 F.3d 804, 809 (9th Cir. 2013) ("prosecutors have absolute immunity under § 1983 for a decision to initiate a criminal prosecution").  Further, although plaintiff does not allege that either District Attorney deliberately or intentionally used fabricated statements against plaintiff, even if the FAC had alleged that a prosecutor knowingly used false testimony, such action does not defeat a prosecutor's absolute immunity from civil liability.  See, e.g., Broam v. Bogan, 320 F.3d 1023, 1029-30 (9th Cir. 2003) ("A prosecutor is absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges. . . . A prosecutor is also absolutely immune from liability for the knowing use of false testimony at trial." (internal citations omitted)).  Therefore, the Deputy District Attorney and District Attorney defendants appear to be entitled to absolute immunity from liability for any federal claims that plaintiff may be raising against them in this action.

Fifth, the FAC appears to indicate that two of the "Doe" defendants, Umberto and Schirmer (ECF No. 7 at 5, 9, 14, 18-21), are private individuals who are not alleged to be acting under state law.  "Section 1983 liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States." Brunette v. Humane Soc'y of Ventura Cnty., 294 F.3d 1205, 1209 (9th Cir. 2002).  As with the Complaint, the FAC does not allege any facts raising a plausible inference that Umberto or Schirmer conspired with a state official to cause plaintiff to suffer a constitutional deprivation.  See, e.g., Bell Atl. Corp., 550 U.S. at 556 ("an allegation of parallel conduct and a bare assertion of conspiracy will not suffice"); DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000) (a "bare allegation" that a private person acted jointly with state officials is insufficient to show that a defendant acted under color of state law or to state a claim under § 1983).  Accordingly, plaintiff may not raise a federal civil rights claim against either of these defendants.

Because plaintiff is proceeding *pro se* in this action, the Court has an obligation to construe the allegations of the pleading liberally and afford plaintiff the benefit of any doubt.  See Hebbe, 627 F.3d at 342.  That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004); see also Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for pro se litigants").  Further, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); see also Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible").  Here, despite having been provided with an opportunity to amend her pleading, plaintiff once again fails to set forth **any** factual allegations supporting any plausible federal civil rights claim against any named defendant.

In addition, plaintiff's FAC appears to be attempting to allege a claim or claims pursuant to the Freedom of Information Act ("FOIA"). Plaintiff alleges that no exclusions applied for "withholding information" in a criminal case against plaintiff. (ECF No. 7 at 8-9, 13, 28). Plaintiff also appears to allege that she filed a "demand letter to DOJ" in November 2021, she did not receive the information she sought, and "a refusal to comply with the Freedom of Information Act" constituted the DOJ "covering up their own fabricated case." (*Id.* at 9). Plaintiff additionally states that her claims fall under 42 U.S.C. § 1983 and 28 U.S.C. § 1367(a) for, among other grounds, "violating FOIA." (*Id.* at 13-14). However, 28 U.S.C. § 1367 is the statutory basis for a district court to assume supplemental jurisdiction over claims for which the Court does not have original jurisdiction. This statute **cannot** give rise to jurisdiction in the absence of a substantial federal question over which the Court has original jurisdiction. Further, a claim alleging that an agency violated FOIA does not give rise to a civil rights claim under 42 U.S.C. § 1983. In this action, the Civil Cover Sheet that plaintiff filed indicates that the nature of the suit is "Other Civil Rights"; plaintiff did not indicate that she intended to file an action pursuant to FOIA. (ECF No. 1-1). To the extent that plaintiff is purporting to raise any such claims, she must set forth a short and plain statement of the grounds for each claim, and clearly and concisely set forth the factual basis for each claim that she wishes to raise against each defendant. See Fed. Rule Civ. P. 8(a); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants "fair notice of the claims against them").

To the extent that plaintiff is purporting to raise a claim pursuant to FOIA, the FAC does not clearly set forth which defendant or defendants she is purporting to raise such claim against or the factual basis for any such claim. Plaintiff references the DOJ, and she appears to seek a "full unredacted copy of the DOJ Report" and a "full unredacted copy" of the "District Attorney's case" file in a Superior Court case. (ECF No. 7 at 13, 28). Plaintiff's FAC, however, does not clearly identify the specific information she sought in which FOIA request to what agency at what time. Pursuant to 5 U.S.C. § 552(a)(4)(B), a district court has jurisdiction to enjoin a federal agency from withholding agency records that were improperly withheld. In order to raise such a claim, however, plaintiff must first comply with each agency's administrative procedures for seeking information, and then set forth facts alleging that her request or requests for specific information was or were improperly refused. See 5 U.S.C. § 552(a)(4). In addition, plaintiff must exhaust the administrative remedies required under FOIA before she may seek judicial review. See, e.g., United States v. Steele, 799 F.2d 461, 465-66 (9th Cir. 1986) (a failure to exhaust administrative remedies as required under FOIA before seeking judicial review deprives the district court of jurisdiction). Further, the Court notes that FOIA does not provide a right to pursue monetary damages, and, in the operative pleading, plaintiff "seeks compensatory and punitive damages against all defendants." (ECF No. 7 at 29). As currently pled, the Court finds that plaintiff's facts pertaining to any plausible FOIA claim are so insufficient and unsubstantial as to lack an arguable basis in either law or fact. See, e.g., Shapiro, 577 U.S. at 45-46; Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

To the extent that plaintiff is purporting to seek injunctive relief against an agency defendant following an allegedly improper denial of a specific FOIA request, plaintiff should name the appropriate agency as a defendant for each such claim and allege "simply, concisely, and directly [the] events" that give rise to each such claim. See Johnson v. City of Shelby, 574 U.S. 10, 12, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014).

Accordingly, it appears to the Court that it lacks subject matter jurisdiction over this action because the FAC fails to present a substantial federal question on its face.

## SECOND ORDER TO SHOW CAUSE

**Plaintiff is hereby ordered to show cause, no later than March 9, 2022, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction**. Plaintiff's timely filing of one of the following will constitute a satisfactory response to this Order to Show Cause: (1) A Second Amended Complaint, which is complete including exhibits and which *remedies the pleading deficiencies discussed in this Second Order to Show Cause*; **or** (2) a signed Notice of Dismissal requesting a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). **This Order places plaintiff on notice that the Court will recommend that the assigned District Judge dismiss this action without prejudice for lack of subject matter jurisdiction if plaintiff fails to comply with the Second Order to Show Cause, or fails to file an appropriate response.**

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize if she chooses to file a Second Amended Complaint.  Plaintiff is admonished that she must sign and date the civil rights complaint form, and she must use the space provided in the form to set forth all the claims that she wishes to assert in a Second Amended Complaint.  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**


cc:      Melike Dewey, *pro se*

Initials of Deputy Clerk _____ch_____