

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

MELIKE DEWEY,

          Plaintiff,

      v.

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF VENTURA, *et al.*,

          Defendants.

No. CV 21-09834-VBF (PLA)

**ORDER DENYING PLAINTIFF'S
OBJECTIONS AND DISMISSING ACTION**

**I.**

**SUMMARY OF PROCEEDINGS**

On December 21, 2021, Melike Dewey filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1).  Plaintiff listed the legal grounds for her claims raised therein on the Civil Cover Sheet as "constitutional violations, tort, abuse of process, malicious prosecution," and she indicated the "nature of suit" to be "440 Other Civil Rights."  (ECF No. 1-1).  Plaintiff named as defendants the Department of Justice of the United States ("DOJ"); the Superior Court of California, County of Ventura ("Superior Court"); District Attorney Nasarenko; Deputy District Attorney Leibl; and "Does 1-10" who were identified as "private parties" and unspecified employees of Ventura County, the DOJ, and the Superior Court.  (ECF No. 1 at 1, 3-4).  In the

Complaint, plaintiff listed four general categories of violations including: "undue process of law protected under the Fifth and the Fourteenth Amendment"; an "illegal search by DOJ on 12/27/2020 . . . , violating plaintiff's First and Fourth Amendment rights for privacy"; "misuse of legal procedure -- abuse of process and malicious prosecution by the DA"; and defamation.  (*Id.* at 2 (capitalization altered from original)).  The Complaint, which was 18 pages long with more than 130 pages of attached exhibits, did not clearly raise any specific claim against any particular defendant.  Rather, portions of the pleading were devoted to a discussion of the elements for a general "abuse of process" claim, including extensive citations to California case law and "secondary sources" that appear to pertain to California tort law.  (ECF No. 1 at 7-14).  Plaintiff sought monetary damages for the "intentional infliction of emotional distress."  (*Id.* at 27-28 (capitalization altered from original)).

Because it appeared from the face of the pleading that plaintiff's Complaint failed to present a substantial federal question, the assigned Magistrate Judge issued an Order to Show Cause on January 10, 2022.  (ECF No. 6; "January OSC").  Plaintiff was ordered to show cause, no later than January 24, 2022, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.  Plaintiff was admonished that her timely filing of one of the following would constitute a satisfactory response to the January OSC:  (1) a First Amended Complaint that remedied the pleading deficiencies discussed in the January OSC; or (2) a signed Notice of Dismissal requesting a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  Further, the January OSC placed plaintiff on notice that the Court would dismiss this action without prejudice for lack of subject matter jurisdiction if plaintiff failed to comply with the January OSC, or failed to file an appropriate response.  (ECF No. 6 at 4).

On January 24, 2022, plaintiff filed a First Amended Complaint.  (ECF No. 7; "FAC").  On January 25, 2022, the Magistrate Judge discharged the January OSC in light of the timely filing of the FAC. (ECF No. 8).    Once again, as it appeared from the face of the pleading that plaintiff's FAC failed to present a substantial federal question, the Magistrate Judge screened the FAC to determine if plaintiff had remedied the pleading deficiencies discussed in the January OSC.  The Magistrate Judge found that plaintiff had not remedied the pleading deficiencies found in the

Complaint and the FAC failed to present a substantial federal question on its face.  On February 23, 2022, the Magistrate Judge issued a second Order to Show Cause in which plaintiff was again ordered to show cause in writing, no later than March 9, 2022, why the action should not be dismissed for lack of subject matter jurisdiction.  (ECF No. 11; "February OSC").  Plaintiff did not file a response to the February OSC.

On March 4, 2022, plaintiff filed a document with two titles:  "Plaintiff objects to Magistrate Judge's Order (ECF No. 11) in rejecting plaintiff's Complaint, Plaintiff's First Amended Complaint and requesting the filing of a Second Amended Complaint"; and "Plaintiff Requests District Judge to determine the whole case *de novo* due to every part of the Magistrate Judge's disposition has been objected to in the Complaint and the First Amended Complaint."  (ECF No. 12; "Objections"). In her Objections, plaintiff references Fed. R. Civ. P. 18, 72(b)(2), 72(b)(3), 73(c) and 28 U.S.C. § 636(c)(3).  (ECF No. 12 at 1-2).  Some of these statutes are not relevant because plaintiff has not consented to the Magistrate Judge conducting civil proceedings pursuant to 28 U.S.C. § 636(c) and judgment has not yet been entered in this action.  Further, plaintiff ambiguously states that she "objects to [Magistrate Judge] Abrams' all notions stated in Abram's [sic] both orders."  (*Id.* at 2 (emphasis in original)).  Plaintiff argues that Magistrate Judge Abrams "is making up rules of pre-screening the complaints and therefore disallowing service of the Summons which is unlawful." (*Id.*).  In her Objections, plaintiff "requests an immediate Order from the California Central District Court Judge for the service of Summons performed" and "immediate filing of answers from all defendants."  (*Id.* at 7).

To the extent that plaintiff is purporting to raise specific objections to the January OSC issued by Magistrate Judge Abrams, the time in which to raise such objections has long passed. Pursuant to Fed. R. Civ. P. 72(a) and (b)(2), a party must serve and file objections to either a magistrate judge's non-dispositive order or a recommended disposition within 14 days of being served with such order.  Further, pursuant to Local Rule 7-18 of the Central District of California, absent good cause shown, a motion for reconsideration of any order must be filed no later than 14 days after entry of the order that is the subject of the motion.  Here, plaintiff has failed to show good cause for waiting nearly two months to raise objections to the January OSC, and the Court

finds such objections untimely.  Nevertheless, because plaintiff is proceeding *pro se* in this civil rights action, the Court has construed plaintiff's filings liberally.  See, e.g., Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (noting that a "document filed *pro se* is 'to be liberally construed'").  Accordingly, the Court construes plaintiff's Objections as objecting to the Magistrate Judge's February OSC (ECF No. 11) pursuant to Fed. R. Civ. P. 72(a) and Local Rule 7-18, and a *de novo* review is conducted below.

## II.

## DISCUSSION

### A.    Subject Matter Jurisdiction

Initially, a federal court has an obligation to assure itself of jurisdiction before proceeding to the merits of any case.  See, e.g., Lance v. Coffman, 549 U.S. 437, 439, 127 S. Ct. 1194, 167 L. Ed. 2d 29 (2007).  "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  Stevedoring Servs. of Am. v. Eggert, 953 F.2d 552, 554 (9th Cir. 1992); see also Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003) (a court may dismiss *sua sponte* for lack of subject matter jurisdiction without violating due process).  A plaintiff must present a federal question on the face of a complaint.  See Rivet v. Regions Bank, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009) (in order for a federal court to exercise federal question jurisdiction under § 1331, "the federal question must be disclosed upon the face of the complaint" (internal quotation marks omitted)).  A "plaintiff bears the burden of proving" the existence of subject matter jurisdiction and "must allege facts, not mere legal conclusions," to invoke the court's jurisdiction.  Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).  "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial" or "obviously frivolous" are

1    insufficient to "raise a substantial federal question for jurisdictional purposes." Shapiro v.

2    McManus, 577 U.S. 39, 45-46, 136 S. Ct. 450, 193 L. Ed. 2d 279 (2015).

3         Construing plaintiff's FAC liberally, plaintiff appears to be naming as defendants the State

4    of California; California Governor Newsom; California Attorney General Bonta; the Superior Court;

5    District Attorney Nasarenko; Deputy District Attorney Leibl; the DOJ; "Umberto" (a private

6    individual); Meredith Schirmer (a private individual); several unknown persons at the DOJ; a police

7    officer; a clerk at the Superior Court; and an employee of the Superior Court.  (ECF No. 7 at 1-2,

8    13-15).  As plaintiff was admonished in the Magistrate Judge's January OSC and February OSC,

9    in California, a Superior Court is a state agency and its employees and officials are state agents

10   for purposes of civil rights claims.  See, e.g., Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d

11   1156, 1161 (9th Cir. 2003) (state courts are "arms of the state" and are entitled to Eleventh

12   Amendment immunity); Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th

13   Cir. 1987) (a civil rights action against a California Superior Court is a suit against the State and

14   thus barred by the Eleventh Amendment).  Additionally, the Ventura County District Attorney's

15   Office acts as a state office with respect to actions taken in connection with a criminal prosecution,

16   as is alleged in plaintiff's action.  See Jackson v. Barnes, 749 F.3d 755, 767 (9th Cir. 2014) (a

17   district attorney's office "acts as a state office with regard to actions taken in its prosecutorial

18   capacity, and [it] is not subject to suit under § 1983"); Del Campo v. Kennedy, 517 F.3d 1070,

19   1073 (9th Cir. 2008).

20        The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State

21   and its instrumentalities, unless either the State consents to waive its sovereign immunity or

22   Congress abrogates it.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100, 104

23   S. Ct. 900, 79 L. Ed. 2d 67 (1984).  While California has consented to be sued in its own courts

24   pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in

25   federal court.  See BV Eng'g v. Univ. of Cal., 858 F.2d 1394, 1396 (9th Cir. 1988); see also

26   Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985)

27   (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's

28   Eleventh Amendment immunity), superseded on other grounds as stated in Lane v. Pena, 518

U.S. 187, 197-200, 116 S. Ct. 2091, 135 L. Ed. 2d 486 (1996).  Finally, Congress has not repealed State sovereign immunity against suits under 42 U.S.C. § 1983.  Accordingly, any claims that plaintiff may be raising against the State of California, the California Attorney General's Office, the Ventura County District Attorney's Office, or the Superior Court are barred by the Eleventh Amendment.

Further, plaintiff's FAC names the DOJ as a defendant, but the DOJ is a federal agency. The doctrine of sovereign immunity bars suits against the United States and its agencies, absent a waiver.  See FDIC v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); Gilbert v. DaGrossa, 756 F.2d 1455, 1458-59 (9th Cir. 1985) (suits against officers and employees of the United States in their official capacities are barred by sovereign immunity absent an explicit waiver).  A "waiver of sovereign immunity must be 'unequivocally expressed' in statutory text," and the waiver must be "clearly evident from the language of the statute."  FAA v. Cooper, 566 U.S. 284, 290, 132 S. Ct. 1441, 182 L. Ed. 2d 497 (2012) (quoting Lane, 518 U.S. at 192).  Absent an express waiver of sovereign immunity, federal courts lack subject matter jurisdiction over cases against the United States.  Meyer, 510 U.S. at 475.  The United States has not waived its sovereign immunity for constitutional tort claims or actions.  See, e.g., id. at 476-78, 486. Accordingly, this Court lacks jurisdiction over any federal civil rights claims that plaintiff may be raising against the DOJ.

In addition, the FAC names as defendants two individual defendants who are identified as a District Attorney and a Deputy District Attorney, as well as Governor Newsom and the Attorney General of California.  (ECF No. 7 at 1-2, 11).  Plaintiff, however, fails to allege **any** specific facts showing that any of these named defendants took an action, participated in another's action, or failed to perform an action that he or she was legally required to do that **caused** plaintiff to suffer a constitutional deprivation.  In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived her of a right guaranteed under the Constitution or a federal statute.  See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis omitted, alteration in original)).   Here, plaintiff's pleading does not set forth facts against the District Attorney, the Deputy District Attorney, Governor Newsom, or Attorney General Bonta that are sufficient to raise a right to relief above the speculative level.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." (internal citations omitted, alteration in original)).  The Court finds that plaintiff has failed to meet her burden of alleging facts, not mere legal conclusions, to support subject matter jurisdiction over any federal civil rights claim against District Attorney Nasarenko, the Deputy District Attorney Leibl, Governor Newsom, or Attorney General Bonta.

Further, although plaintiff appears to be alleging that false statements were used in a state court prosecution against her, she clearly alleges that the "defamatory allegations," "defamatory statements," and "fabricated" statements were made by private individuals, Umberto and Schirmer, and that the District Attorneys merely used such statements.  (ECF No. 7 at 4-5, 9-10, 14-15, 19-21).  Accordingly, the FAC fails to allege that either District Attorney defendant took any action that plaintiff contends caused her to suffer a constitutional deprivation.   Because prosecutors are entitled to absolute immunity from damages liability when they engage in activities "intimately associated with the judicial phase of the criminal process," such as the prosecution and presentation of the state's case, it appears from the minimal facts alleged in the FAC that these defendants also would be entitled to absolute immunity.  See Imbler v. Pachtman, 424 U.S. 409, 427, 430-31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); see also Engebretson v. Mahoney, 724 F.3d 1034, 1039 (9th Cir. 2013) ("the Supreme Court has emphasized this functional approach for determining when public officials may claim absolute immunity under § 1983"); Stapley v. Pestalozzi, 733 F.3d 804, 809 (9th Cir. 2013) ("prosecutors have absolute immunity under § 1983

for a decision to initiate a criminal prosecution").  Moreover, although plaintiff has not alleged that either District Attorney deliberately or intentionally used fabricated statements against plaintiff, even if the FAC had alleged that a specific prosecutor knowingly used false testimony, such action does not defeat a prosecutor's absolute immunity from civil liability.  See, e.g., Broam v. Bogan, 320 F.3d 1023, 1029-30 (9th Cir. 2003) ("A prosecutor is absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges. . . . A prosecutor is also absolutely immune from liability for the knowing use of false testimony at trial.") (internal citations omitted).  Therefore, the Court finds that the Deputy District Attorney and District Attorney defendants are entitled to absolute immunity from liability for any federal claims that plaintiff may be raising against them in this action.

Additionally, to the extent that plaintiff is attempting to allege a claim or claims pursuant to the Freedom of Information Act ("FOIA") in this civil rights action (see ECF No. 7 at 8-9, 13, 28), allegations that an agency violated FOIA does not give rise to a civil rights claim under 42 U.S.C. § 1983.  Further, the FAC does not set forth which defendant or defendants plaintiff is purporting to raise a FOIA claim against, nor the specific factual basis for any such claim.  Plaintiff references the DOJ, and she appears to seek a "full unredacted copy of the DOJ Report" as well as a "full unredacted copy" of the "District Attorney's case" file in a Superior Court case.  (ECF No. 7 at 13, 28). Plaintiff's FAC, however, does not clearly identify the specific information she sought in which FOIA request to what agency at what time.  Pursuant to 5 U.S.C. § 552(a)(4)(B), a district court has jurisdiction to enjoin a federal agency from withholding agency records that were improperly withheld.  In order to raise such a claim, however, plaintiff must first comply with each agency's administrative procedures for seeking information subject to FOIA, and then set forth facts alleging that her request or requests for specific information was or were improperly refused.  See 5 U.S.C. § 552(a)(4).  In addition, plaintiff must exhaust the administrative remedies required under FOIA before she may seek judicial review.  See, e.g., United States v. Steele, 799 F.2d 461, 465-66 (9th Cir. 1986) (a failure to exhaust administrative remedies as required under FOIA before seeking judicial review deprives the district court of jurisdiction).  Here, plaintiff has not alleged that she has complied with these requirements.  Moreover, FOIA does not provide a right to pursue monetary

1     damages, and plaintiff's FAC "seeks compensatory and punitive damages against all defendants."

2     (ECF No. 7 at 29).  Therefore, the Court finds that plaintiff's factual allegations pertaining to any

3     plausible FOIA claim are so insufficient and unsubstantial as to lack an arguable basis in either

4     law or fact.  See, e.g., Shapiro, 577 U.S. at 45-46; Neitzke v. Williams, 490 U.S. 319, 325, 109 S.

5     Ct. 1827, 104 L. Ed. 2d 338 (1989).

6         Finally, the FAC identifies two of the "Doe" defendants, Umberto and Schirmer (ECF No.

7     7 at 5, 9, 14, 18-21), as private individuals, and plaintiff does not allege that these defendants were

8     acting under state law at any relevant time.  "Section 1983 liability extends to a private party where

9     the private party engaged in state action under color of law and thereby deprived a plaintiff of

10     some right, privilege, or immunity protected by the Constitution or the laws of the United States."

11     Brunette v. Humane Soc'y of Ventura Cnty., 294 F.3d 1205, 1209 (9th Cir. 2002).  Plaintiff's FAC

12     does not allege any facts raising a plausible inference that Umberto or Schirmer conspired with

13     a state official to cause plaintiff to suffer a constitutional deprivation.  See, e.g., Bell Atl. Corp., 550

14     U.S. at 556 ("an allegation of parallel conduct and a bare assertion of conspiracy will not suffice");

15     DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000) (a "bare allegation" that a private

16     person acted jointly with state officials is insufficient to show that a defendant acted under color

17     of state law or to state a claim under § 1983).  Accordingly, the factual allegations in plaintiff's FAC

18     fail to raise a plausible inference that defendants Umberto or Schrimer, while acting under color

19     of state law, caused plaintiff to suffer a deprivation of any right guaranteed under the Constitution

20     or a federal statute, and the allegations fail to support subject matter jurisdiction over any federal

21     claims against these defendants in this action.

22         While reviewing plaintiff's Objections, the Court has construed plaintiff's factual allegations

23     in the FAC liberally and afforded plaintiff the benefit of any doubt.  See, e.g., Hebbe v. Pliler, 627

24     F.3d 338, 342 (9th Cir. 2010).  The Court, however, has "no obligation to act as counsel or

25     paralegal to pro se litigants."  Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338

26     (2004); see also Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to

27     serve as advocates for pro se litigants").  Further, the "tenet that a court must accept as true all

28     of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal,

1    556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  As the Supreme Court has made

2    clear, in order to state a claim against a specific defendant, plaintiff must allege sufficient factual

3    allegations against that defendant to nudge each claim he wishes to raise "across the line from

4    conceivable to plausible."  See Bell Atl. Corp., 550 U.S. at 570.  Here, plaintiff's FAC fails to do

5    so.  Even after having been provided with an opportunity for amendment, plaintiff's factual

6    allegations remain too unsubstantial to invoke subject matter jurisdiction.  See, e.g., Hagans v.

7    Lavine, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974) ("federal courts are without

8    power to entertain claims otherwise within their jurisdiction if they are so attenuated and

9    unsubstantial as to be absolutely devoid of merit" (internal quotation marks omitted)); Franklin v.

10    Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (a "paid complaint that is 'obviously frivolous'

11    does not confer federal subject matter jurisdiction"), abrogated on other grounds by Neitzke, 490

12    U.S. at 324.

13       Accordingly, following a *de novo* review of the record, the Court finds that it lacks subject

14    matter jurisdiction over this action because the FAC fails to present a substantial federal question

15    on its face.

16

17    **B.**      **Rule 72 of the Federal Rules of Civil Procedure**

18       Pursuant to Rule 72(a), this Court may modify or set aside the Magistrate Judge's non-

19    dispositive order only upon plaintiff's showing that the February OSC "is clearly erroneous or is

20    contrary to law."  Fed. R. Civ. P. 72(a).  Further, to the extent that the February OSC is viewed

21    as recommending that the action be dismissed without further leave to amend for lack of subject

22    matter jurisdiction, the Court has reviewed the file *de novo* to determine if any part of the February

23    OSC should be modified or rejected.  Fed. R. Civ. P. 72(b)(3).

24       The Court has considered plaintiff's Objections to Magistrate Judge Abrams' February

25    OSC.  Plaintiff does not argue that she has recently discovered any material difference in fact or

26    law, that a change in governing law has occurred, or that the order is contrary to any specific law.

27    Plaintiff also does not argue that Judge Abrams failed to consider any material facts in concluding

28    that her pleading does not state a substantial federal question on its face.  Rather, plaintiff

1    generally appears to be arguing that Judge Abrams is "hindering" her case with his rulings, is not

2    "impartial," and is biased in favor of defendants.  (ECF No. 12 at 2-4).  Plaintiff states that Judge

3    Abrams "is intentionally hindering plaintiff [sic] access to the court" and engaging in a "common

4    thread of dismissals . . . to keep *per se* [sic] litigant away from justice and the courts."  (*Id.* at 3-4).

5    Plaintiff additionally asserts, without citing any legal authority, that Judge Abrams "is making up

6    rules of pre-screening [sic] the complaints" to prevent plaintiff from serving the defendants in this

7    action, and that this "screening the case" is a "constitutional violation."  (*Id.* at 2-3).  To support her

8    objections, plaintiff includes an irrelevant discussion of the history of "judicial immunity" and the

9    "Magna Charta" [sic].  (*Id.* at 5-7).  To the extent that plaintiff discusses the February OSC, plaintiff

10   points only to Judge Abrams' Orders in this action and to his rulings in prior actions that plaintiff

11   has filed in this Court.  Plaintiff contends that Judge Abrams has "abused his power against the

12   plaintiff before" with three earlier "dismissals."  (*Id.* at 4).  Allegations of judicial bias, however, may

13   not be supported solely by judicial actions taken by the judicial officer.   A party's general

14   dissatisfaction with prior unfavorable judicial rulings is insufficient to raise an inference of bias.

15   Here, plaintiff has pointed to no evidence, and the record reflects no evidence, of judicial bias by

16   Judge Abrams.  See, e.g., Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed.

17   2d 474 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality

18   motion"); Taylor v. Regents of the Univ. of Cal., 993 F.2d 710, 712 (9th Cir. 1993) (adverse rulings

19   alone are insufficient to demonstrate judicial bias).

20          Further, plaintiff's theory that Judge Abrams performed an impermissible or unlawful pre-

21   screening of her pleading is incorrect.  (ECF No. 12 at 2-4).  As set forth above, federal courts

22   have an obligation to "determine that they have jurisdiction before proceeding to the merits" of any

23   case.  See, Lance, 549 U.S. 437, 439; Perry v. Newsom, 18 F.4th 622, 630 (9th Cir. 2021) ("Even

24   when not raised by the parties, we are obliged to determine whether we have subject matter

25   jurisdiction.").  In this action, Judge Abrams advised plaintiff that her pleading was being screened

26   on December 22, 2021 (ECF No. 5), before plaintiff attempted service of the Complaint and

27   summons on December 27, 2021.  (ECF No. 12 at 3).  To fulfill his obligation to examine the basis

28   for jurisdiction, Judge Abrams conducted a review of plaintiff's Complaint, construing plaintiff's

1    factual allegations liberally and giving plaintiff the benefit of any doubt.  (See ECF No. 6).  After

2    determining that the Complaint failed to present a substantial federal question on its face, Judge

3    Abrams dismissed the Complaint with leave to amend and provided plaintiff with guidance on the

4    deficiencies of the pleadings.  Because plaintiff is proceeding *pro se* in this action, plaintiff was

5    provided with an opportunity to file a First Amended Complaint to attempt to remedy the

6    deficiencies of her pleading.  (ECF No. 6).  As discussed in the February OSC, plaintiff's First

7    Amended Complaint failed to correct the pleading deficiencies of her Complaint.

8           The Court finds that Judge Abrams' February OSC is neither clearly erroneous nor contrary

9    to law.  Following her attempt at amendment, plaintiff's pleading fails to present a substantial

10   federal question on its face.  Accordingly, the Court denies plaintiff's Objections to the extent they

11   seek modification or rejection of the February OSC pursuant to Rule 72.

12

13   **C.    Local Rule 7-18 of the Central District of California**

14          The Court has also considered plaintiff's Objections pursuant to L.R. 7-18, which states:

15          A motion for reconsideration of an Order on any motion or application may be made
            only on the grounds of (a) a material difference in fact or law from that presented to
16          the Court that, in the exercise of reasonable diligence, could not have been known
            to the party moving for reconsideration at the time the Order was entered, or (b) the
17          emergence of new material facts or a change of law occurring after the Order was
            entered, or (c) a manifest showing of a failure to consider material facts presented
18          to the Court before the Order was entered.  No motion for reconsideration may in
            any manner repeat any oral or written argument made in support of, or in opposition
19          to, the original motion. Absent good cause shown, any motion for reconsideration
            must be filed no later than 14 days after entry of the Order that is the subject of the
20          motion or application.

21          Here, as discussed above, plaintiff does not argue that she has discovered any material

22   difference in fact or law, that any change in applicable law has arisen, or that the Magistrate Judge

23   failed to consider any material facts in reaching the findings in the February OSC.  Rather, plaintiff

24   contends that Judge Abrams "is making up rules of pre-screening the complaints" and causing a

25   delay in service, and she cites prior rulings made by Judge Abrams in other cases filed by plaintiff.

26   (ECF No. 12 at 2-5).  As noted above, plaintiff's dissatisfaction with Judge Abrams' orders is not

27   a valid ground for seeking reconsideration of any order.   Here, plaintiff has presented no

28   argument, material difference in law or fact, or new facts showing that reconsideration of the

1 | February OSC (ECF No. 11) is warranted.  Accordingly, plaintiff's Objections to the findings and
2 | conclusion of Magistrate Judge Abrams that this action be dismissed without prejudice for lack of
3 | subject matter jurisdiction are denied.
4 |
5 | **III.**
6 | **<u>ORDER</u>**
7 |        For the reasons set forth above, Plaintiff's Objections (ECF No. 12) to Magistrate Judge
8 | Abrams' Order (ECF No. 11) are **DENIED.**  This action is **DISMISSED** without prejudice for lack
9 | of subject matter jurisdiction.
10 |                                          /s/ Valerie Baker Fairbank
11 | DATED: May 9, 2022              _____
12 |                                          HONORABLE VALERIE BAKER FAIRBANK
   |                                          SENIOR UNITED STATES DISTRICT JUDGE